PATTERSON, Chief Justice,
for the Court:
Several landowners, residents of the City of Laurel, appeal from a judgment of the Jones County Circuit Court, Second District, reclassifying a tract of land adjacent to theirs from RS-100 (single family residence) to BG (general business).
On November 16, 1981, J.W. Bryant filed with the zoning board and the Mayor and City Commissioners of Laurel a petition to rezone 1.18 acres on the southeast corner of Bush Dairy Road and Mississippi Highway 15 North. After a public hearing on the issue, the zoning board on December 15, recommended that the city council grant the petition.
Aggrieved by this decision, Faye Cutch-ens and others requested a public hearing before the city council pursuant to Mississippi Code Annotated, § 17-1-17 (Supp. 1983). In lieu of conducting a hearing the city council on December 22, summarily and without explanation rejected the recommendation of the zoning board by denying the petition to rezone.
From that order Bryant appealed to the circuit court, alleging the decision of the Mayor and Board of Commissioners was unreasonable, arbitrary, discriminatory, capricious, illegal, confiscatory, an abuse of discretion and unsupported by any substantial evidence. After hearing oral argument and reviewing the briefs of the parties and the proceedings had before the zoning board, the reviewing court concluded the decision of the city council denying Bryant’s petition to rezone was not supported by any substantial evidence. The denial by the city council of the petition was therefore reversed and the property was reclassified from RS-100 to BG.
Since the City of Laurel elected not to appeal the circuit court judgment, taxpayers Cutchens, et al. are prosecuting this appeal at their own expense by authority of Mississippi Code Annotated, § 11-51-105 (Supp.1983).
*232 We are of the opinion that this case must be remanded to the Mayor and Board of Commissioners of the City of Laurel for a full evidentiary hearing in accordance with Mississippi Code Annotated, § 17-1-17 (Supp.1983). This is what appellants requested when they ascertained the zoning board’s recommendation. However, the city council offered to deny Bryant’s petition in exchange for withdrawal of the request for hearing. Appellants logically chose to accept the offer, thereby obtaining a favorable decision without the bother of a hearing.
Two related problems arose from the city council’s procedure. The most glaring one is that Bryant was denied an opportunity to present his case to the city council.
Second, appellants have been penalized by the ease with which they received a favorable decision. This happened when the circuit court, finding that the decision of the city council was arbitrary and unsupported by evidence, held for Bryant.
Appellants, though favored at the time, are further disadvantaged in that the city council’s procedure prevented their making a record to support their position on this appeal.
While we agree with the circuit court that the city councils decision was unsupported by evidence, we are of the opinion fairness to all the parties requires the council to conduct a hearing in order to consider both positions and render the proper decision. Otherwise the reclassification of the property would occur by error or mistake rather than being based upon evidence presented in an open hearing as provided by statute.
REVERSED AND REMANDED TO THE MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF LAUREL, MISSISSIPPI, FOR A HEARING IN ACCORD WITH MISSISSIPPI CODE ANNOTATED, § 17-1-17 (SUPP.1983).
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.